UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WILLIAM M. ESTRIDGE,
    *Plaintiff-Appellant,*

v.

WILLIE WELDON; CLARENCE
BENJAMIN; JOE BLACK; IRIM AIKEN;
MICHAEL SOSA; PETER LITTLE; HARRY
HAYWOOD, Officer; MICHAEL MOSES;
THOMAS BLAIR; OFFICER SKIPPER;
OFFICER BUTLER,
    *Defendants-Appellees.*

No. 00-6523

Appeal from the United States District Court
for the District of South Carolina, at Florence.
David C. Norton, District Judge.
(CA-98-2754-4-18)

Submitted: September 29, 2000

Decided: October 25, 2000

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

---

## COUNSEL

William M. Estridge, Appellant Pro Se. James Albert Stuckey, Jr.,
Alexia Pittas-Giroux, STUCKEY LAW OFFICES, P.A., Charleston,
South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

William M. Estridge appeals the district court's entry of summary
judgment in favor of the Defendants in this 42 U.S.C.A. § 1983 (West
Supp. 2000) action. We affirm in part, vacate in part, and remand.

### I.

On March 5, 1997, Estridge, then an inmate at Lieber Correctional
Institution ("LCI"), injured a prison guard. Estridge asserts the injury
was accidental. The prison staff apparently disagreed and opted to
place Estridge in a restraint chair. The guards who entered Estridge's
cell contend that Estridge attacked them and resisted their efforts to
restrain him. Estridge alleges that he offered no resistance and that the
guards beat him solely for the purpose of inflicting pain.*

Estridge sued the guards and three LCI administrators, alleging
excessive force, inadequate supervision, and failure to comply with a
consent decree. Upon a magistrate judge's recommendation, the dis-
trict court granted the Defendants' motion for summary judgment on
all claims. This appeal followed.

### II.

We initially address the district court's judgment as to Estridge's
excessive force claim. Estridge alleged that the Defendants inflicted
cruel and unusual punishment by beating him even though he submit-
ted to their authority. The magistrate judge and the district court
rejected this allegation based on contrary assertions in the Defen-

---

*Estridge relies extensively on a videotape of the cell entry to support
his allegations. We have reviewed the tape and find that it does not defin-
itively resolve any of the disputed factual issues in this case.

dants' affidavits. Specifically, the magistrate judge and the district court found that Estridge refused the Defendants' request that he approach his cell door to be handcuffed, attacked the Defendants as they entered his cell, and resisted the Defendants' attempts to place him in the restraint chair. These findings conflict with the allegations in Estridge's verified complaint, his answer to the Defendants' summary judgment motion (which was sworn under penalty of perjury), and the affidavits submitted along with the summary judgment answer. In light of this conflicting evidence, the district court should not have resolved these genuine issues of material fact on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Based on its factual determinations, the district court concluded that (a) the Defendants behaved reasonably; (b) Estridge's injuries were de minimis, *see Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998) (describing sliding scale for determining whether injuries are cognizable in § 1983 actions); (c) the Defendants were entitled to qualified immunity; and (d) Estridge was not entitled to punitive damages. Because genuine issues of material fact preclude summary judgment, we vacate the court's order as to these conclusions. We remand to the district court for an evidentiary hearing or other appropriate proceeding to determine whether LCI guards inflicted cruel and unusual punishment and, if so, what damages are appropriate. We express no opinion regarding the merits of these issues.

## III.

In addition to the conclusions vacated above, the district court (a) dismissed all claims naming Defendants in their official capacities (leaving intact the same claims naming Defendants in their individual capacities); (b) dismissed all claims against three LCI administrators named as Defendants (Warden Willie Weldon and Associate Wardens Joseph Black and Michael Sheedy); and (c) ruled that the consent decree cited by Estridge was dissolved before this incident. Estridge has not challenged these decisions in his informal brief filed in this Court, and we affirm them on the reasoning of the district court. *See Estridge v. Weldon*, No. CA-98-2754-4-18 (D.S.C. Mar. 30, 2000).

For the foregoing reasons, we vacate the district court's grant of summary judgment as to Estridge's excessive force claim, the Defen-

dants' qualified immunity defense, and the denial of punitive damages; as to these issues, we remand for appropriate proceedings. In addition, we affirm the court's judgment insofar as it dismissed all claims against Defendants Weldon, Black, and Sheedy; all claims naming Defendants in their official capacities; and the claim arising from the consent decree. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*